| | |
|---|---|
| Elvia Garcia, Marylu Garcia, Agustin Garcia, Armando Aguilar, Jorge Luis Aguilera, Jose Humberto Aguilera, Heron Alaniz, Jose Luis Alvarez, Jose Francisco Escobedo, Victor Flores-Galvan, Francisco Garcia, Israel Becerra-Garcia, Cresencio Jaime-Cantu, Luis Jimenez, Jose Luis Loza, Pedro Macias, Octavio Martinez, Israel Mata, Joas Perez-Guzman, Alejandro Robledo, Esteban Robledo, Maria Guadalupe Robledo, Jose Luis Rodriguez, Arturo Sanchez-Botello and Lorenzo Silva | |
| Plaintiffs, | CIVIL ACTION NO. 1:13-cv-84 |
| v. | JURY TRIAL DEMANDED |
| Lewis Marshall Bailey IV, Lewis Marshall Bailey III, and Jesus Cervantes | |
| Defendants. | |

# PLAINTIFFS' ORIGINAL COMPLAINT AND JURY DEMAND

## PRELIMINARY STATEMENT

1. This is an action for damages brought by twenty-five migrant agricultural workers from the Rio Grande Valley in Texas against Defendant agricultural employers and farm labor contractor. This action is based on Defendants' violations of Plaintiffs' rights under the federal Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. §§ 1801 *et seq.* (hereinafter "AWPA"), Texas contract law, and Mississippi tort law.

2. In May of 2012, Defendants recruited and transported Plaintiffs from Texas to Mississippi where they employed them to work planting sweet potato fields. Defendants violated their obligations to these workers under federal employment laws, and Texas and Mississippi state laws, by among other things, breaking promises made at the time of recruitment regarding the work and pay, placing workers in deplorable and inhumane living conditions, denying access to toilets, and otherwise failing to meet minimal standards regarding workers' recruitment, transportation, and employment.

## JURISDICTION

3. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (conferring jurisdiction over claims arising under the laws of the United States) and 28 U.S.C. § 1337 (conferring jurisdiction over claims arising under acts of Congress regulating commerce).

4. This action is authorized by and instituted pursuant to 29 U.S.C. § 1854(a) (conferring jurisdiction over claims arising under the AWPA).

5. This Court has supplemental jurisdiction over Plaintiffs' claims arising under the laws of Texas and Mississippi pursuant to 28 U.S.C. § 1367 because they are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over Defendants.

7. This Court is empowered to issue a declaratory judgment and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201 and 2202.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2)-(3) and 29 U.S.C. § 1854(a).

## PARTIES

9. Plaintiffs Armando Aguilar, Jorge Luis Aguilera, Jose Humberto Aguilera, Heron Alaniz, Jose Luis Alvarez, Jose Francisco Escobedo, Victor Flores-Galvan, Agustin Garcia, Elvia Garcia, Francisco Garcia, Israel Becerra Garcia, Marylu Garcia, Cresencio Jaime Cantu, Luis Jimenez, Jose Luis Loza, Pedro Macias, Octavio Martinez, Israel Mata, Joas Perez-Guzman, Alejandro Robledo, Esteban Robledo, Maria Guadalupe Robledo, Jose Luis Rodriguez, Arturo Sanchez-Botello, and Lorenzo Silva are natural persons whose permanent place of residence is Texas.

10. Some Plaintiffs speak and read only Spanish.

11. At all times relevant to this action, Plaintiffs were "migrant agricultural worker[s]" within the meaning of 29 U.S.C. § 1802(8)(A).

12. Defendant Jesus ("Chuy") Cervantes is a natural person domiciled in Edcouch, Texas.

13. At all times relevant to this action, Defendant Cervantes was a "farm labor contractor" ("FLC") within the meaning of 29 U.S.C. § 1802(7).

14. Defendants Lewis Marshall Bailey III and Lewis Marshall Bailey IV (hereinafter "Grower Defendants") are natural persons domiciled in or around Bruce, Mississippi.

15. At all times relevant to this action, the Grower Defendants were "agricultural employer[s]" of Plaintiffs within the meaning of 29 U.S.C. § 1802(2).

## STATEMENT OF FACTS

16. The Grower Defendants contracted with Defendant Jesus ("Chuy") Cervantes and his relative Andres Cervantes to provide farm labor contracting services, including the recruitment of workers for planting the Grower Defendants' sweet potato fields in and/or around Bruce, Mississippi.

17. At all times relevant to this action, Defendant Cervantes acted as an agent of the Grower Defendants.

18. At all times relevant to this action, Defendant Cervantes was registered as a farm labor contractor with the U.S. Department of Labor (hereinafter "USDOL"), but lacked the necessary authorization to transport, house, and drive migrant workers.

19. At all times relevant to this action, Andres Cervantes acted as an agent of the Grower Defendants and/or Defendant Cervantes by assisting in the management, payment, housing, and transportation of workers.

20. At all times relevant to this action, Andres Cervantes lacked a farm labor contractor certificate of registration issued by the USDOL.

21. Grower Defendants failed to take reasonable steps to determine that the persons whom they utilized to supply them with migrant agricultural workers in May of 2012 had certificates of registration issued by USDOL that authorized the activities for which they were utilized.

22. Defendant Cervantes failed to take reasonable steps to determine that Andres Cervantes, whom he used to assist with the performance of farm labor contracting activities, had a certificate of registration issued by USDOL that authorized him to conduct those activities.

23. Grower Defendants' agent, Defendant Cervantes, recruited Plaintiffs to work in their sweet potato fields.

24. This recruitment took place in or around Brownsville, Texas in May of 2012.

25. The Grower Defendants offered agricultural employment to Plaintiffs on their sweet potato farm, by and through Defendant Cervantes in Texas.

26. Plaintiffs accepted agricultural employment for the Grower Defendants' sweet potato farm by and through Defendant Cervantes in Texas.

27. The terms of the working arrangement were entered into in Texas.

28. At the time that Defendants recruited Plaintiffs, Defendants failed to disclose in writing in English or Spanish the terms and conditions of employment as required by the AWPA.

29. In Texas, Plaintiffs were verbally promised certain terms and conditions of employment.

30. Defendant Cervantes, acting as an agent of Grower Defendants, provided information to the Plaintiffs at the time of recruitment that varied from worker to worker. Plaintiffs received false and misleading information regarding, *inter alia*, (a) the type of work that would be done, (b) the length of the season, (c) the payment they would receive, (d) the terms and conditions of transportation, and (e) the terms and conditions of housing.

31. Among other things, the terms of the working arrangement made in Texas called for Plaintiffs to leave their permanent places of residence in Texas and travel to Mississippi to work in the Grower Defendants' sweet potato fields.

32. Plaintiffs relied upon the representations of the working arrangement and traveled nearly a thousand miles from South Texas to Mississippi for work.

33. In May of 2012, Defendants caused Plaintiffs to be travel from their permanent residence in Texas to Mississippi to work in the Grower Defendants' sweet potato fields.

34. In 2012, Plaintiffs engaged in "agricultural employment" at the Grower Defendants' agricultural business within the meaning of 29 U.S.C. § 1802(3).

35. Defendants failed to post a notice in English or Spanish at Plaintiffs' place of employment setting forth Plaintiffs' rights under the AWPA.

36. When Plaintiffs arrived to work for the Grower Defendants, rather than planting sweet potatoes as agreed, the Defendants first made the Plaintiffs pull or cut grass and weeds with their hands and knives. This work had not been disclosed in Texas.

37. Defendants did not provide access to toilet facilities in the fields where Plaintiffs worked for most of the season. The facilities which were provided at the end of the season were not accessible from where Plaintiffs were working. Plaintiffs were therefore forced throughout the season to relieve themselves in the brush along the edge of the fields.

38. Plaintiffs at times worked such long hours on moving tractors without breaks that some soiled themselves. Defendants' failure to provide adequate sanitation facilities and breaks endangered Plaintiffs' health. Plaintiffs forewent water, risking dehydration, because of these conditions.

39. Defendants did not provide adequate drinking water or disposable cups at the jobsite.

40. Defendants did not provide hand washing facilities at the jobsite.

41. Defendants and/or their agents yelled at and otherwise harassed Plaintiffs while they worked.

42. Defendants did not pay Plaintiffs their wages owed when due, *to wit*:

   a. Defendants paid the workers on a later date or only made a partial payment on the set payday;

   b. Defendants paid some Plaintiffs an hourly wage less than the hourly wage that had been promised when they were recruited in Texas;

   c. Defendants did not pay wages for all the hours of Plaintiffs' work; and/or

   d. Defendants and/or their agents made unauthorized deductions from the Plaintiffs' pay.

43. Defendants did not provide Plaintiffs with itemized pay statements as required by the AWPA. Defendants paid Plaintiffs with cash, without accounting to them for their hours worked, pay rate, and/or any deductions that may have been legally or illegally taken from their pay.

44. On one occasion, while Defendant Cervantes was handing out cash payments to Plaintiffs, he demanded that Plaintiff Agustin Garcia return $100 to him. When Plaintiff Agustin Garcia refused to return his pay, Defendant Cervantes punched him in the side and took $100 from his pocket.

45. Defendant Cervantes intended to and did in fact frighten and injure Plaintiff Garcia when he punched him. Plaintiff Garcia had not threatened, frightened, or provoked Defendant Cervantes.

46. Upon information and belief, Plaintiffs were housed during the course of their employment in housing units owned or controlled by Defendants.

47. Defendants, by and through Defendant Cervantes, had promised Plaintiffs at the time of recruitment trailers or houses which included all necessary utilities and furnishings. Plaintiffs were told they would not have to pay for the housing.

48. The housing provided to Plaintiffs by Defendants upon their arrival in Mississippi was abhorrent. The sleeping, cooking, and bathing areas in the barrack style building were improperly separated. Mats provided for sleeping were dirty and stained. The kitchen facilities were wholly inadequate, particularly given the number of residents. There were no proper bathing facilities; rather, workers rinsed themselves with cold water from an exposed pipe and at times had to share just one working toilet.

49. The female Plaintiffs refused to stay in housing with open quarters with unrelated males and lacking adequate bathing and cooking facilities, and so they and some other Plaintiffs were moved to a second housing location.

50. The Plaintiffs who were moved to the second housing unit (Plaintiffs Elvia Garcia, Marylu Garcia, Alejandro Robledo, Esteban Robledo, Maria Guadalupe Robledo, Jorge Luis Aguilera, and Jose Humberto Aguilera) were told by the Defendants that they would have to pay rent for that housing. This violated the working arrangement as free housing had been promised in Texas at the time of recruitment. Plaintiffs refused to pay rent.

51. At no time relevant to this lawsuit did Defendant Cervantes or his agents have a farm labor contractor certificate of registration issued by USDOL authorizing the housing of migrant agricultural workers.

52. The housing units failed to meet the minimum safety and health standards specified under the AWPA and under applicable state and federal law.

53. The housing units in which Defendants housed Plaintiffs were not certified as meeting applicable health and safety standards by a state or local health authority or other appropriate agency, and no such certificate of compliance was posted.

54. Plaintiffs Jorge Luis Aguilera, Jose Aguilera, Elvia Garcia, Marylu Garcia, Alejandro Robledo, Esteban Robledo, and Maria Robledo, who had been moved to the second housing location, were wrongfully terminated by Defendants prior to the end of the season.

55. Defendants terminated Plaintiffs as described in Paragraph 54 because of Plaintiffs' exercise of their rights under the AWPA. These Plaintiffs had exercised their rights under AWPA by, *inter alia*, refusing to stay in the barrack-style housing first provided by Defendants, refusing housing which failed to meet health and safety standards, and refusing to pay rent for housing which they had been promised would be provided free of charge.

56. Plaintiffs were generally driven between the housing and work sites by Defendant Cervantes on a yellow school bus. At times Defendant Cervantes appeared to be under the influence of alcohol and/or drugs while driving the bus. The bus was occasionally driven by others.

57. During the course of their employment of Plaintiffs, Defendants caused Plaintiffs to be transported to and from the housing and work site by Defendant Cervantes and/or other drivers who did not have a farm labor contractor certificate of registration issued by USDOL authorizing transportation or driving.

58. During the course of their employment of Plaintiffs, Defendants caused Plaintiffs to be transported in a vehicle in violation of federal and state safety standards.

59. During the course of their employment of Plaintiffs, Defendants caused Plaintiffs to be transported in a vehicle or vehicles by a person or persons not properly licensed to drive that class of vehicle.

60. Defendants failed to take reasonable steps to determine whether the persons whose services it utilized to transport or drive workers had a farm labor contractor certificate of registration issued by USDOL that authorized such persons to transport or drive migrant agricultural workers.

61. Defendants breached their promise to pay Plaintiffs' return transportation and Plaintiffs had to pay for their own return transportation from Mississippi to Texas.

62. Defendants gave Plaintiffs fewer hours of work per week and fewer weeks of employment than Defendants had promised Plaintiffs in Texas.

63. At no time during the course of Plaintiffs' employment did Defendant Cervantes obtain from Grower Defendants and make available to Plaintiffs a written statement of employment conditions as required by the AWPA.

64. Defendants violated without justification their working arrangements with Plaintiffs by not complying with all the terms and conditions of employment that Defendants had promised.

65. Plaintiffs at all times complied with the terms of the working arrangements.

66. All of the actions and omissions alleged herein were undertaken by Defendants either directly and/or through their agents.

67. Plaintiffs suffered injury as a result of the Defendants' actions and omissions complained of herein. They suffered, *inter alia*, mental anguish, humiliation, and other emotional harm because of Defendants' conduct. These injuries were the natural, direct, and foreseeable result of the Defendants' conduct.

**FIRST CAUSE OF ACTION: MIGRANT AND SEASONAL AGRICULTURAL WORKER PROTECTION ACT**

68. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 67 of this complaint as if fully set forth herein.

69. Grower Defendants intentionally violated all Plaintiffs' rights under the AWPA by, *inter alia*:

   a. Failing to provide written disclosures at the time of the workers' recruitment, 29 U.S.C. § 1821(a);

   b. Failing to post a notice at the place of employment setting forth the workers' rights under the AWPA, 29 U.S.C. § 1821(b);

   c. Failing to post at the housing site a statement showing the terms and conditions of occupancy, 29 U.S.C. § 1821(c);

   d. Failing to make, keep, and preserve payroll records for each worker for each pay period, and to provide each worker with an itemized pay statement, 29 U.S.C. § 1821(d);

   e. Knowingly giving false or misleading information to a worker, 29 U.S.C. § 1821(f);

   f. Failing to provide and post all disclosures required by the AWPA under 29 U.S.C. § 1821 (a)-(c) in Spanish, 29 U.S.C. § 1821(g);

g. Failing to pay wages owed when due, 29 U.S.C. § 1822(a);

h. Violating the terms of the working arrangement without justification, 29 U.S.C. § 1822(c);

i. Failing to ensure that housing provided to Plaintiffs complied with federal and state safety and health standards, 29 U.S.C. § 1823(a);

j. Failing to have an appropriate federal, state, or local agency certify that housing met applicable safety and health standards for migrant agricultural workers, and failing to post the certificate of compliance with federal and state health and safety standards for migrant agricultural workers, 29 U.S.C. § 1823(b);

k. Causing Plaintiffs to be transported in violation of the AWPA's vehicle safety standards, 29 U.S.C. § 1841(b);

l. Utilizing the services of a farm labor contractor without taking reasonable steps to determine that the farm labor contractor possessed a valid certificate of registration which authorized the activity for which the contractor was utilized, 29 U.S.C. § 1842.

70. Defendant Cervantes intentionally violated all Plaintiffs' rights under the AWPA by, *inter alia*:

a. Engaging in farm labor contractor activities without authorization from USDOL to perform those activities, 29 U.S.C. § 1811(a);

b. Failing to amend his certificate of registration whenever he intended to engage in another farm labor contracting activity, use a vehicle to transport migrant agricultural workers, or house migrant agricultural

workers, other than as previously authorized on his certificate of registration, 29 U.S.C. § 1815(2);

c. Hiring, employing, or using an unregistered farm labor contractor to perform farm labor contractor activities, 29 U.S.C. § 1811(b);

d. Failing to provide required written disclosures at the time of the workers' recruitment, 29 U.S.C. § 1821(a);

e. Failing to post a notice at the place of employment setting forth the workers' rights under the AWPA, 29 U.S.C. § 1821(b);

f. Failing to post at the housing site a statement showing the terms and conditions of occupancy, 29 U.S.C. § 1821(c);

g. Failing to make, keep, and preserve payroll records for each worker for each pay period as required by the AWPA and to provide each worker with an itemized pay statement, 29 U.S.C. § 1821(d);

h. Knowingly giving false or misleading information to a worker, 29 U.S.C. § 1821(f);

i. Failing to provide and post all disclosures required by the AWPA under 29 U.S.C. § 1821 (a)-(c) in Spanish, 29 U.S.C. § 1821(g);

j. Failing to pay wages owed when due, 29 U.S.C. § 1822(a);

k. Violating the terms of the working arrangement without justification, 29 U.S.C. § 1822(c);

l. Failing to ensure that housing provided to Plaintiffs complied with federal and state safety and health standards, 29 U.S.C. § 1823(a);

m. Failing to have an appropriate federal, state, or local agency certify that housing met applicable safety and health standards for migrant agricultural workers, and failing to post the certificate of compliance with federal and state health and safety standards for migrant agricultural workers, 29 U.S.C. § 1823(b);

n. Causing Plaintiffs to be transported in violation of the AWPA's vehicle safety standards, 29 U.S.C. § 1841(b);

o. Failing to obtain from the place of employment and make available to Plaintiffs a written statement of employment conditions as required by 29 U.S.C. § 1843.

71. Defendant Cervantes and Grower Defendants intentionally violated the rights of Plaintiffs Jorge Luis Aguilera, Jose Humberto Aguilera, Elvia Garcia, Marylu Garcia, Alejandro Robledo, Esteban Robledo, and Maria Guadalupe Robledo, under the AWPA by, *inter alia*, intimidating, threatening, discharging, and/or discriminating against them for exercising their rights and protections under the AWPA, 29 U.S.C. § 1855.

72. For each such violation of the AWPA, Plaintiffs are entitled to recover from Defendants their actual damages (including mental anguish and emotional distress) or up to $500 in statutory damages.

## SECOND CAUSE OF ACTION:
## BREACH OF CONTRACT UNDER TEXAS LAW

73. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 67 of this complaint as if fully set forth herein.

74. Defendants entered into an individual employment contract with each Plaintiff.

75. Defendants breached each contract of employment into which they entered with the Plaintiffs by failing to comply with the promised terms and conditions of employment.

76. As a direct consequence of Defendants' breach of the employment contracts, the Plaintiffs suffered substantial injury.

77. Defendants are therefore liable to Plaintiffs for actual, incidental, and consequential damages, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION: ASSAULT AND BATTERY UNDER MISSISSIPPI LAW

78. Plaintiffs re-allege and incorporate by reference the allegations set forth in paragraphs 1 through 67 of this complaint as if fully set forth herein.

79. Defendant Cervantes acted with intent to cause harmful or offensive contact with Plaintiff Agustin Garcia when he punched him.

80. Plaintiff Agustin Garcia was placed in imminent apprehension of harmful or offensive contact when Defendant Cervantes punched him.

81. Defendant Cervantes caused Plaintiff Agustin Garcia harmful or offensive contact when he punched Plaintiff Agustin Garcia.

82. Plaintiff Garcia had not threatened, frightened, or provoked Defendant Cervantes.

83. The assault and battery of Plaintiff Agustin Garcia was of a wanton, malicious, or brutal nature.

84. Defendant Cervantes is liable to Plaintiff Agustin Garcia for compensatory and punitive damages he suffered as a result of the assault and battery described in Paragraphs 44-45 and 79-83, *supra*.

85. Grower Defendants are vicariously liable to Plaintiff Agustin Garcia for compensatory and punitive damages he suffered as a result of the assault and battery described in Paragraphs 44-45 and 79-83, *supra*.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that this Court grant them the following relief:

a. Enter a judgment in favor of Plaintiffs on their AWPA claims as set forth in their First Cause of Action;

b. Award Plaintiffs their actual damages or, alternatively, statutory damages of $500 per person per violation for Defendants' violations of the AWPA;

c. Enter a judgment in favor of Plaintiffs on their breach of contract claims as set forth in their Second Cause of Action;

d. Award Plaintiffs their actual, incidental and consequential damages on their breach of contract claim;

e. Enter a judgment in favor of Plaintiff Agustin Garcia on his assault and battery claims as set forth in the Third Cause of Action;

f. Award Plaintiff Agustin Garcia compensatory and punitive damages on his assault and battery claim;

g. Award Plaintiffs prejudgment and post judgment interest as allowed by law;

h. Award Plaintiffs their reasonable expenses and costs of court;

i. Award attorney's fees to counsel for Plaintiffs; and

j. Award Plaintiffs such other relief as this Court deems just and proper.

## JURY DEMAND

NOW COME Plaintiffs and demand a jury trial on the issues of this case and respectfully request that this cause be placed on the jury docket.

Respectfully submitted,

/s/ *Angela M. Graves*
Angela M. Graves
Attorney-in-Charge for Plaintiffs
Texas Bar No. 24059848
Southern District of Texas No. 1321527
SOUTHERN MIGRANT LEGAL SERVICES,
A Project of TEXAS RIOGRANDE LEGAL AID, INC.
311 Plus Park Blvd., Ste. # 135
Nashville, TN 37217
Telephone: (615) 750-1200
Facsimile: (615) 366-3349
Email: agraves@trla.org

Marinda van Dalen
Texas Bar No. 00789698
Southern District of Texas No. 17577
TEXAS RIOGRANDE LEGAL AID, INC.
531 E. St. Francis Street
Brownsville, Texas 78520
Telephone: (956) 982-5540
Facsimile: (956) 541-1410
Email: mvandalen@trla.org

May 6, 2013